# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:07-CV-464-FDW (3:99-cr-00029)

| | |
|---|---|
| ROBERT LEE BARRINGER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | ORDER |

THIS MATTER comes now before the Court upon Petitioner's Motion for "Jail Credit in Probation Violation #3:99-cr-29"(Doc. No. 1) (Doc. No. 33, Case No. 3:99-CR-00029-FDW). Petitioner requests the Court order the Bureau of Prisons ("BOP") to provide him "jail credit from the Mecklenburg County Jail from March 26, 2007 through July 28, 2007 . . . ." (Id. at 2).

On April 13, 1999, Petitioner pleaded guilty to unlawful transportation of firearms in violation of 18 U.S.C. § 922(g). Petitioner was then sentenced to eighty-four (84) months in prison. Petitioner now contends that the BOP has miscalculated the amount of credit he should receive for time already served.

As an initial matter, the Court notes that Petitioner makes no reference to a statute or case upon which Petitioner bases his motion. After reviewing the arguments contained in the motion, the Court will construe Petitioner's motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner's motion is more properly a § 2241 petition because that section "applies to attacks on the execution of a sentence," including Petitioner's argument that the BOP has miscalculated his time served. See U.S. v. Jeter, No. 97-7459, 1998 WL 482781 at *1 n.1 (4th Cir. Aug. 11, 1998).

Without determining whether Petitioner's argument for credit may have merit, this Court must defer to Supreme Court and Fourth Circuit case law, which make it clear that:

> a district court does not have the jurisdiction to make the initial determination to award sentence credit for time spent in official detention. Rather, the Attorney General, through the Bureau of Prisons, is to make that determination. Review of the Bureau of Prisons' determination is available through the administrative process and ultimately, after the exhaustion of administrative remedies, in the district court.

Id. at *1 (citing United States v. Wilson, 503 U.S. 329, 334-35 (1992)). Because Petitioner has not supplied any documentation from the BOP concerning Petitioner's use of the administrative process, this case is not ripe for review in this Court. See id. at *2. Petitioner's motion for writ of habeas corpus under 28 U.S.C. § 2241 is therefore DENIED.

IT IS SO ORDERED.

Signed: October 30, 2007

Frank D. Whitney
United States District Judge